## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARÍA ROSAIRI GONZÁLEZ MUÑIZ, individually and on behalf of her minor children, X.J.R.G. and D.Y.R.G., and JOHAN TORRES FERNÁNDEZ,<br><br>**Plaintiffs**,<br><br>v.<br><br>CHUBB INSURANCE COMPANY OF PUERTO RICO; PUERTO RICO ELECTRIC POWER AUTHORITY; UNKNOWN DEFENDANTS 1, 2, 3 and 4; INSURANCE COMPANIES A, B, C and D; REINSURANCE COMPANIES E, F, G and H,<br><br>**Defendants.** | CIVIL NO.: 21-1157<br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

## COMPLAINT

TO THE HONORABLE COURT:

Come now Plaintiffs, through their undersigned attorneys, and very respectfully state, allege and pray as follows:

### I. JURISDICTION AND VENUE

1.      This Honorable Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1332, over state law claims arising under Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 L.P.R.A. §§5141, 5142, respectively.  The claims asserted herein are between citizens of different states, and the amount in controversy, exclusive of interests and costs, exceeds the sum or value of $75,000.00.

2.      Venue in the District of Puerto Rico is proper, pursuant to 28 U.S.C. §1391, because, as detailed below, the events and/or omissions on which the claims are based occurred in

this judicial district.

## II. THE PARTIES

3. Plaintiffs, **María Rosairi González Muñiz**, (hereinafter, "Mrs. González") individually and on behalf of her minor children, **X.J.R.G.** and **D.Y.R.G.**, and **Johan Torres Fernández** (hereinafter, "Mr. Torres"), are United States citizens with domicile and permanent residence in Ruskin, Florida.

4. Defendant, **Puerto Rico Electric Power Authority** (hereinafter, "PREPA") is a public corporation organized under the laws of the Commonwealth of Puerto Rico, where it has its principal place of business.

5. Defendant, **Chubb Insurance Company of Puerto Rico** (hereinafter, "CHUBB") is a corporation organized under the laws of the Commonwealth of Puerto Rico, where it has its principal place of business.

6. Defendant(s), **Unknown Defendants 1, 2, 3 and 4** are, by information and belief, business entities or natural persons that could be liable to Plaintiffs for creating or contributing to create the dangerous conditions that caused Plaintiffs' damages, and/or for being responsible for paying the indemnity or compensation to which Plaintiffs would be entitled.

7. Defendant(s), **Insurance Companies A, B, C and D** are insurance companies whose identities are presently unknown. These companies, by virtue of insurance agreements, provided coverage to the kind events alleged in the present complaint, and are jointly responsible for the damages claimed herein.

8. Defendant(s), **Reinsurance Companies E, F, G, and H** are companies whose identities are presently unknown. These companies, by virtue of reinsurance agreements, provided coverage for some or all of the risks assumed by PREPA's insurer(s), and are jointly responsible for the damages claimed herein.

## III. FACTS OF THE CASE

9. The incident ("Subject Incident") which is the basis of this lawsuit occurred on the afternoon of **October 2, 2019**, on a sidewalk just outside the premises of the **Dr. José M. Lázaro** public high school (hereinafter, "José M. Lázaro") located in the Municipality of Carolina, Puerto Rico. On that day, minor plaintiff **X.J.R.G.**, then a student at said school, received an electrical discharge after coming into contact with an open, unguarded, and unmarked electrical switching unit, property of the **Puerto Rico Electric Power Authority (PREPA),** which resulted in severe high voltage electrical burns and multiple injuries.

10. On **October 2, 2019**, after classes at José M. Lázaro had finished for the day, plaintiff **X.J.R.G.**, who was fifteen (15) years old at the time, left the school premises along with some of his schoolmates, to wait outside while their respective parents came to pick them up from school.

11. As **X.J.R.G.** and his friends were walking on the sidewalk adjacent to the school and El Comandante Avenue[1] it began to rain. The students, including **X.J.R.G.,** took refuge from the rain by climbing on top of an unmarked green metal box located just outside the school, next to the sidewalk, and under the canopy of a tree. The cover of the tree sheltered the students from the rain.

12. The referenced unmarked green metal box was actually an electrical switching unit that, at all times relevant herein, was the exclusive property of and under the control of Defendant **PREPA**.

13. At the time of the Subject Incident, the green metal box (also referenced herein as "the electrical switching unit") did not have any markings, warnings, caution or descriptive signs whatsoever visible to the public, nor were there any warnings displayed for the benefit of the José

---

[1] The Dr. José M. Lázaro public high school is located at El Comandante Avenue, Country Club, Carolina, Puerto Rico 00984.

M. Lázaro high school students.

14. Moreover, and perhaps more notable, the green metal box was not properly secured, was unlocked, and was entirely accessible.

15. After his friends were picked up, **X.J.R.G.** stayed on top of the green metal box. A few minutes later, **X.J.R.G.** began to climb down from the green metal box by the side where two exterior access doors were located. When **X.J.R.G.** got down and his feet reached the sidewalk, he slipped on the wet surface, and his right shoulder hit one of the green metal box's unlocked access doors, which caused it to swing open.

16. At that time, **X.J.R.G.** noticed a single opened padlock hanging on the electrical switching unit's access door that had swung open. Then, **X.J.R.G.** noticed that an unknown person was walking on the sidewalk towards him and the electrical switching unit and, because the opened access door obstructed the sidewalk pathway, **X.J.R.G.** proceeded to touch the unmarked and open door in order to close it so that the pedestrian could walk by without coming into contact with the open door.

17. Immediately upon contact, electricity was violently and without warning discharged from the electrical switching unit, causing **X.J.R.G.** to suffer devastating and crippling high voltage electrical discharge injuries from **PREPA**'s unmarked, unprotected, and unguarded equipment.

18. Just a few minutes later, plaintiff **Mrs. González**, **X.J.R.G.'s** mother, arrived with his younger brother, minor plaintiff **D.Y.R.G.**, who was 14 years old at the time. **Mrs. González** arrived to see her oldest son, **X.J.R.G.**, laying on the sidewalk in a pool of his own blood, twitching and convulsing, with severe injuries to his, arm, head, torso, and back. **Mrs. González** could see that her son was in tremendous pain as a result of the injuries he sustained. Witnessing not only the tremendous pain being suffered by **X.J.R.G.** but also the bloody and gory scene was a deeply traumatic and indelible experience for both **Mrs. González** and **D.Y.R.G.**, **X.J.R.G.**'s little

brother.

19. An ambulance was immediately called by police personnel that had arrived, and **X.J.R.G.** was transported, together with his mother, to the Puerto Rico Medical Center for emergency medical treatment, where he was admitted, brought to a medical induced coma for four (4) days, and hospitalized for a period of three (3) months.

20. Of note, during the ambulance trip to the Puerto Rico Medical Center, **X.J.R.G.** repeatedly complained of pain and begged out loud to his mother and the paramedics, "Don't let me die.".

21. In **January 2020**, **X.J.R.G.** was transferred to **Shriner's Hospital for Children** in Boston, Massachusetts ("Shriner's Hospital") for specialized pediatric burn and wound care specific to his particular medical and rehabilitation needs. Once at Shriner's Hospital, **X.J.R.G.** remained a patient in their Inpatient Unit from **January 2 to February 4, 2020**. He was subsequently discharged to a local rehabilitation housing center in Boston, MA, where he stayed until **April of 2020**. During this period of time, **X.J.R.G.** was being treated for his ongoing wound care, received medical testing and evaluation for future surgical procedures, and for ongoing rehabilitation needs made necessary by the severity of his injuries.

22. Due to the Subject Incident, **X.J.R.G.** suffered excruciating pain, acute stress reaction, and sustained second and third degree burns to 35% of his total body surface area, including severe burns on his scalp, head, face, neck, shoulder, left leg, lower back, chest, and left upper extremity. During his course of treatment, he lost extensive soft tissue, and two fingers (digits 3 and 5) on his left hand had to be amputated.

23. As a result of this incident and his injuries, **X.J.R.G.** suffered (and continues to suffer from) anxiety, depression and post-traumatic stress disorder for which he receives therapy and psychopharmacological treatment.

24. As recommended at Shriner's Hospital, **X.J.R.G.** will likely require continued

surgical care, wound care, rehabilitative services, mental health treatment, physical therapy, pharmacological treatment, and other specialized services as may be needed in order to treat his physical and mental injuries suffered as a result of the Subject Incident. As of today, the full extent of his physical and emotional injuries are still unknown. His mother, **Mrs. González**, has stayed with him all throughout his hospitalizations and continued rehabilitation process.

## IV.  CAUSES OF ACTION

25.   Defendant **CHUBB** is liable for Plaintiffs' damages under the terms of the liability insurance policy and contract that it issued to defendant **PREPA**, and which provides coverage for incidents such as the Subject Incident, pursuant to the Puerto Rico Insurance Code.

26.   Alternatively, **Insurance Companies A, B, C and D**, are liable for Plaintiffs' damages under the terms of the insurance policy and contract that they issued to defendant **PREPA** and/or any other unknown defendant, and which provides coverage for incidents such as the Subject Incident, pursuant to the Puerto Rico Insurance Code.

27.   Alternatively, **Reinsurance Companies E, F, G and H**, are liable for Plaintiffs' damages under the terms of reinsurance agreements that they issued to defendant **PREPA's** insurers and/or to unknown defendant's insurer(s) and which provide coverage for incidents such as the Subject Incident.

28.   Defendant **PREPA**, or alternatively, **Unknown Defendants 1, 2, 3 and 4,** are liable for Plaintiffs' damages because such damages are the natural result of the negligent actions and/or omissions of **PREPA** and its agents, servants, contractors, subcontractors and/or employees.

29.   Defendant **PREPA**, or alternatively, **Unknown Defendants 1, 2, 3 and 4**, failed in its duty to keep its electrical switching unit, which is energized by high voltage electricity, inaccessible, secured, and properly closed off to the public. Defendant **PREPA** also failed in its duty to caution or warn the public of the dangers and life-threating risks associated with its electrical switching unit with clear, visible, descriptive and adequate warning signs. Again, given

the proximity of this dangerous electrical switching unit to children attending the school in question, defendant **PREPA** owed a heightened duty of care to innocent bystanders and citizens (like students) walking on a publicly accessible walkway.

30. Defendant **PREPA**, or alternatively, **Unknown Defendants 1, 2, 3 and 4**, are liable for Plaintiffs' damages because it negligently failed to repair the dangerous and defective conditions that existed on October 2, 2019, when its high voltage electrical switching unit was not properly and adequately secured so that pedestrians and students in the vicinity walking by or near the electrical switching unit were not exposed to such a dangerous and life-threatening condition. It is known to defendant **PREPA** that a person exposed to energized equipment or equipment capable of generating an electrical arc or flash can suffer grave and permanent physical injuries, as is the case with respect to **X.J.R.G.** and the Subject Incident, or even death.

31. Defendant **PREPA**, or alternatively, **Unknown Defendants 1, 2, 3 and 4,** have a heightened duty of care to ensure that their product, i.e. electricity, does not endanger the public at large. The unsecured electrical switching unit outside the José M. Lázaro public high school clearly violated this heightened duty of care. Unsecured electrical switching units obviously present a tremendous safety hazard to persons simply walking on the subject sidewalk next to the high school. The fact that this safety hazard and dangerous condition was near a public school seems particularly alarming and utterly irresponsible.

32. Defendant **PREPA**, or alternatively, **Unknown Defendants 1, 2, 3 and 4**, through their agents, servants, contractors, subcontractors and/or employees, knew or should have known that an improperly closed, improperly secured, unlabelled, and defective electrical switching unit could severely injure anyone who was exposed to it and, therefore, every precaution should have been taken by **PREPA**, or alternatively, **Unknown Defendants 1, 2, 3 and 4**, to warn and caution the general public of this inherent and imminent danger.

33. Moreover, **PREPA** knew or should have known that there was a school in the

immediate vicinity, which meant that numerous students, their parents, and visitors to the school, commonly utilized the sidewalk where this dangerous and defective electrical switching unit was located.

34. Defendant **PREPA**, or alternatively, **Unknown Defendants 1, 2, 3 and 4,** are liable for Plaintiffs' damages because they negligently failed to inspect and/or repair the subject electrical switching unit in order to detect, repair, secure, or remove the dangerous conditions created by the faulty, unlabelled and unsecured high voltage switching unit, present on October 2, 2019.

35. Defendant **PREPA**, or alternatively, **Unknown Defendants 1, 2, 3 and 4,** are also liable for Plaintiffs' damages because, on information and belief, they are the sole owner and installer of the subject electrical switching unit and all of its components.  As the sole owner, there was a corresponding duty to regularly and periodically inspect and maintain the equipment in question.

36. Upon information and belief, **PREPA**, or alternatively, **Unknown Defendants 1, 2, 3 and 4,** failed to regularly and periodically inspect the equipment in question in order to identify the dangerous and hazardous conditions that were present on October 2, 2019, omissions that entail a grave disregard for the life and safety of the citizens of Puerto Rico.

37. Defendant **PREPA**, or alternatively, **Unknown Defendants 1, 2, 3 and 4,** were grossly negligent in their failure to implement and maintain proper security measures regarding the subject electrical switching unit, e.g. keeping the doors closed, secured, and locked with working security padlocks, or any other type of equipment designed to guarantee the safety and protection of individuals.  **PREPA**'s unfulfilled duty to maintain its facilities and equipment in accordance with local and federal regulations, as well as its own internal regulations, policies, and procedures aimed at preventing its equipment and personnel from causing harm to citizens, is particularly alarming considering the location of the subject switching unit near a public school.

## V.  DAMAGES

38. Due to the negligence of **PREPA**, or alternatively, of **Unknown Defendants 1, 2, 3 and 4,** young **X.J.R.G.** has suffered catastrophic and permanent physical injuries that have in turn required medical care and treatment through long hospitalizations, in and outside of Puerto Rico, and rehabilitation therapies.

39. Eventually, **X.J.R.G.** will require a prosthesis for his left arm.  In addition, **X.J.R.G.** requires long-term occupational, rehabilitation and psychological therapies.

40. Undoubtedly, **X.J.R.G.**'s family, social, physical and psychological aspects of his life have been altered severely, permanently, and adversely.

41. As a consequence of the physical and emotional damage suffered by **X.J.G.R.**, his mother, **María Rosairi González Muñiz**, his brother, **D.Y.R.G.**, and his stepfather, **Johan Torres Fernández**, with whom **X.J.R.G.** has a close paternal relationship, have in turn suffered great mental anguish and suffering.

42. The damages suffered by plaintiff **X.J.R.G.** are valued at a sum of no less than $11,000,000.00, for his physical damages, for his past, present, and future mental suffering and anguish, and for his long-term and costly rehabilitation needs directly attributable to this incident and the injuries he suffered on October 2, 2019 as a result of the negligence of **PREPA**, or alternatively, of **Unknown Defendants 1, 2, 3 and 4**.

43. In turn, the non-pecuniary damages suffered by plaintiffs, **María Rosairi González Muñiz**, **D.Y.R.G.** and **Johan Torres Fernández**, are jointly valued at a sum of no less than $2,000,000.00, for their past, present, and future mental suffering and anguish suffered by each of them, due to this incident and the injuries suffered by **X.J.R.G.** on October 2, 2019 as a result of the negligence of **PREPA**, or alternatively, of **Unknown Defendants 1, 2, 3 and 4**.

44. All of the damages claimed herein by Plaintiffs were caused by the negligence of **PREPA**, or alternatively, of **Unknown Defendants 1, 2, 3 and 4.**

45. The insurance and/or reinsurance companies named herein as codefendants, through their insurance and/or reinsurance policies, are responsible for the satisfaction of the indemnification owed to Plaintiffs for the damages each suffered due to the negligent acts and/or omissions described in this claim.

46. This lawsuit also constitutes a direct action against PREPA's insurance companies, pursuant to Article 20.030 of the Puerto Rico Insurance Code, as amended, 26 L.P.R.A. §2003. *SLG Albert-Garcia v. Integrand Asrn.*, 2016 TSPR 195 (2016); *Neptune Packing Corp. v. Wackenhut Corp.*, 120 DPR 283, 289 (1988).

## VI. DEMAND FOR TRIAL BY JURY

47. Paragraphs 1 through 46 of this Complaint are incorporated by reference as if fully set forth herein.

48. Plaintiffs request and respectfully demand that all of the material fact issues in this case be tried by a jury of their peers.

49. In the event that the Defendants deny their negligence and liability for the Subject Incident and Plaintiffs' resulting injuries and damages, Plaintiffs hereby request the imposition of pre-judgment and post-judgment interest, attorney's fees and court costs in this case, at the maximum rate allowed by law.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests that the Court enter final judgment against Defendants:

1. Declaring **PREPA**, or alternatively, **Unknown Defendants 1, 2, 3 and 4,** to be in violation of 31 L.P.R.A. §§5141, 5142, as alleged hereinabove.

2. Finding Defendants joint and severally liable to Plaintiffs, for their above-described damages, in a total amount not less than $13,000,000.00, plus applicable interest

and costs.

3. Awarding Plaintiffs such other and further relief at law or in equity, including punitive damages, as this Court may deem just and proper.

In San Juan, Puerto Rico, this 8th day of April of 2021.

**RESPECTFULLY SUBMITTED.**

**/s/Hatuey Infante Castellanos**
USDC-PR 225713
hatueyinfante@gmail.com

**/s/Wilbert Méndez Marrero**
USDC-PR 224303
w.hatueylaw@gmail.com

**HATUEY INFANTE LAW OFFICES, PSC**
Co-counsel for Plaintiffs
P.O. Box 12014
San Juan, PR 00914
Tel: (787) 399-2238
Fax:(787) 641-5016

**/s/Toby B. Fullmer**
Federal Identification Number: 596530
USDC-PR No. 305913
Texas Bar No. 24043667
**TOBY B. FULLMER, L.L.C.**
Co-counsel for Plaintiffs
P. O. Box 22355
Houston, Texas 77227
Tel.: (713) 355-4357
Fax: (713) 961-0384
E-Mail: toby@fullmerlegal.com