IN THE UNITED STTES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARÍA ROSAIRI GONZÁLEZ MUÑIZ, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILDREN, X.J.R.G. and D.Y.R.G. and JOHAN TORRES FERNÁNDEZ<br><br>  Plaintiffs,<br><br>v.<br><br>CHUBB INSURANCE COMPANY OF PUERTO RICO; PUERTO RICO ELECTRIC POWER AUTHORITY; UNKNOWN DEFENDANTS 1, 2, 3 AND 4; INSURANCE COMPANIES A, B, C and D; REINSURANCE COMPANIES E, F, G and H,<br><br>  Defendants. | CIVIL NO. 21-1157 (WGY)<br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

**ANSWER TO THE COMPLAINT**

TO THE HONORABLE COURT:

**COMES NOW** the Puerto Rico Electric Power Authority, (hereinafter "PREPA"), through the undersigned attorneys, and very respectfully states, alleges and prays as follows:

**General Response**

All conclusions of law and jurisdiction contained in the complaint are disputed insofar as applicable to the factual allegations herein.

All factual allegations contained in the complaint, except those specifically admitted below and only as qualified therein, are denied.

Defendant reserves the right to amend the answers and affirmative defenses set forth below as deemed necessary and as provided by Federal Rule of Civil Procedure 8.

## Response to "I Jurisdiction and Venue" Paragraphs

1. Paragraph I of the Complaint is denied for lack of sufficient information or belief with which to form a responsive allegation.

2. Paragraph 2 of the Complaint is denied for lack of sufficient information or belief with which to form a responsive allegation.

## Response to "II The Parties" Paragraphs

3. Paragraph 3 of the Complaint is denied for lack of sufficient information or belief with which to form a responsive allegation.

4. Paragraph 4 is admitted.

5. Paragraph 5 of the complaint is admitted.

6. Paragraph 6 of the Complaint is addressed to another defendant and therefor does not require a responsive pleading. In the event that it does, it is denied because PREPA is without knowledge or sufficient information to form a belief as to the truth of the allegations contained therein.

7. Paragraph 7 of the Complaint is addressed to another defendant and therefor does not require a responsive pleading. In the event that it does, it is denied because PREPA is without knowledge or sufficient information to form a belief as to the truth of the allegations contained therein.

8. Paragraph 8 of the Complaint is addressed to another defendant and therefor does not require a responsive pleading. In the event that it does, it is denied because PREPA is without knowledge or sufficient information to form a belief as to the truth of the allegations contained therein.

**Response to "III Facts of the Case" Paragraphs**

9.     As to paragraph 9, it is only admitted that on the afternoon of October 2, 2019 minor X.J.R.G., then 15 years old had an electrical contact with a PREPA switching unit located on the sidewalk of El Comandante Avenue in front of the José M. Lázaro School in the Municipality of Carolina, Puerto Rico and suffered burns.  The rest of paragraph 9 is denied.  It is affirmatively averred that said switching unit (hereinafter "SU") is surrounded by a chain link fence on three of its four sides with barbed wire on top of the fence and that on one of its sides there was a spray painted visible sign which read (in Spanish) "Danger High Voltage"[1].

10.    Paragraph 10 of the Complaint is denied for lack of sufficient information or belief with which to form a responsive pleading.

11.    As to paragraph 11, its characterization of the SU as an "unmarked green metal box" is denied and the rest of the paragraph is denied for lack of sufficient information or belief with which to form a responsive pleading.  It is affirmatively averred that said switching unit is surrounded by a chain link fence, with on three of its four sides barbed wire on top and that on one of its sides there was a spray painted visible sign which read (in Spanish) "Danger High Voltage".

12.    As to paragraph 12, it is only admitted that the alleged "green metal box" is a switching unit which belongs to PREPA.  It's characterization as "unmarked" is denied.  It is affirmatively averred that said SU is surrounded by a chain link fence on three of its four sides, with barbed wire on top and that on one of its sides there was a spray painted visible sign which read (in Spanish) "Danger High Voltage".

---

[1] "Peligro Alto Voltaje"

13. Paragraph 13 is denied. It is affirmatively averred that said SU is surrounded by a chain link fence on three of its four sides, with barbed wire on top and that on one of its sides there was a spray painted visible sign which read (in Spanish) "Danger High Voltage".

14. Paragraph 14 is denied. It is affirmatively averred that said SU is surrounded by a chain link fence, with barbed wire on top on three of its four sides and that on one of its sides there was a spray painted visible sign which read (in Spanish) "Danger High Voltage".

15. Paragraph 15 is denied for lack of sufficient information or belief with which to form a responsive allegation.

16. Paragraph 16 is denied for lack of sufficient information or belief with which to form a responsive allegation.

17. As to paragraph 17, its characterization of the SU as an "unmarked green metal box" is denied and the rest of the paragraph is denied for lack of sufficient information or belief with which to form a responsive pleading. It is affirmatively averred that said SU is surrounded by a chain link fence on top on three of its four sides, with barbed wire and that on one of its sides there was a spray painted visible sign which read (in Spanish) "Danger High Voltage".

18. Paragraph 18 is denied for lack of sufficient information or belief with which to form a responsive allegation.

19. Paragraph 19 is denied for lack of sufficient information or belief with which to form a responsive allegation.

20. Paragraph 20 is denied for lack of sufficient information or belief with which to form a responsive allegation.

21. Paragraph 21 is denied for lack of sufficient information or belief with which to form a responsive allegation.

22. Paragraph 22 is denied for lack of sufficient information or belief with which to form a responsive allegation.

23. Paragraph 23 is denied for lack of sufficient information or belief with which to form a responsive allegation.

24. Paragraph 24 is denied for lack of sufficient information or belief with which to form a responsive allegation.

### Response to "IV Causes of Action" Paragraphs

25. Paragraph 25 is addressed to another defendant and therefore does not require a responsive pleading on behalf of PREPA. In the event it does, any allegations concerning liability are denied and it is only admitted that Chubb issued to PREPA a "Commercial Umbrella Liability Policy" and the same is subject to its limits, terms, conditions and exclusions.

26. Paragraph 26 of the Complaint is addressed to another defendant and therefore does not require a responsive pleading on behalf of PREPA. In the event it does, any and all allegations concerning liability are denied.

27. Paragraph 27 of the Complaint is addressed to another defendant and therefore does not require a responsive pleading on behalf of PREPA. In the event it does, any and all allegations concerning liability are denied.

28. Paragraph 28 is denied.

29. Paragraph 29 is denied.

30. Paragraph 30 is denied.

31. Paragraph 31 is denied.

32. Paragraph 32 is denied.

33. Paragraph 33 is denied.

34. Paragraph 34 is denied.

35. Paragraph 35 is denied.

36. Paragraph 36 is denied.

37. Paragraph 37 is denied.

### Response to "V Damages" Paragraphs

38. Paragraph 38 is denied.

39. Paragraph 39 is denied for lack of sufficient information or belief with which to form a responsive allegation.

40. Paragraph 40 is denied for lack of sufficient information or belief with which to form a responsive allegation.

41. Paragraph 41 is denied for lack of sufficient information or belief with which to form a responsive allegation.

42. Paragraph 42 is denied.

43. Paragraph 43 is denied.

44. Paragraph 44 is denied for lack of sufficient information or belief with which to for a responsive allegation.

45. Paragraph 45 is denied.

46. Paragraph 46 is an averment of law that does not require a responsive pleading. In the event that it does, it is denied.

### Response to "VI Demand for Trial by Jury" Paragraphs

47. Paragraph 1 through 46 of this Answer are incorporated by reference as if fully set forth herein.

48. Paragraph 48 does not require a responsive pleading from PREPA.

49. Paragraph 49 is denied.

## Response to "VII Prayer for Relief" Paragraph

The paragraph contained in the Prayer for Relief are denied.

## Affirmative Defenses

1. The complaint fails to state a claim upon which relief may be granted.

2. This Honorable Court lacks jurisdiction.

3. Plaintiff incurred in comparative negligence in failing to take the required and /or prudent precautions usually taken under the circumstances.

4. Plaintiff's own negligence or lack of care was the proximate cause of his damages.

5. The claims of adult plaintiffs are time barred by the applicable statute of limitation.

6. One or more of the causes of action are time barred.

7. The injuries and damages alleged by Plaintiff are excessive and/or self-inflicted.

8. Plaintiffs are not entitled to attorney's fees and costs.

9. Plaintiffs' damages and/or potential injuries claims are grossly exaggerated, speculative and/or nonexistent.

10. At all times, PREPA acted according to law and in the good faith performance of its duties.

11. The plaintiffs are not entitled to punitive damages.

12. PREPA did not incur in any negligence.

13. There is no causal relationship between the alleged acts or omissions by PREPA and the claimed damages.

14. Plaintiffs' damages, if any, were caused by third parties for whose actions PREPA is not liable.

15. PREPA reserves the right to include affirmative defenses it is entitled to as it may determine during the course of discovery.

**WHEREFORE**, defendant PREPA respectfully prays the Honorable Court to dismiss, with prejudice, Plaintiffs' complaint and grant judgment in PREPA's favor, with costs, expenses and attorney's fees imposed upon Plaintiffs.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 9th day of June, 2021.

*/s/ Victoria D. Pierce-King*
Victoria D. Pierce-King
USDC-PR 201410
vpierce@diazvaz.law

*/s/ Charles Bimbela Quiñones*
Charles Bimbela Quiñones
USDC-PR 203414
cbimbela@diazvaz.law

**DÍAZ & VÁZQUEZ LAW FIRM, P.S.C.**
PO Box 11689
San Juan, PR   00922-1189
Tel. (787) 395-7133
Fax. (787) 497-9664

*Attorneys for defendant* Puerto Rico Electric Power Authority

**CERTIFICATE OF SERVICE**

It is hereby certified that on this same date copy of this document has been served via the CM/ECF system upon counsel of record in this matter.

In San Juan, Puerto Rico, this 9th day of June, 2021

*/s/ Victoria D. Pierce-King*
Victoria D. Pierce-King
*/s/ Charles Bimbela Quiñones*
Charles Bimbela Quiñones